Curia, per Wardl aw, J.
Owing to some misunderstanding between the circuit Judge and the counsel, as to what was done on the circuit, no notice of appeal was served, and no note of the case kept by the Judge. By consent, a report has been prepared by the counsel on the two sides, and upon that the case has been heard.
The affidavits submitted by the defendant, allege that he was not of age in May, 1842, when the judgment by default was rendered against him, but since came to age, and soon afterwards gave notice of his motion to set aside the judgment.
The plaintiffs, not admitting the allegation that the defendant was under age when the judgment was rendered, insist that matter of record can be vacated only by matter of record — that, in suph matter, advantage for infancy can be taken only during the infancy, and that the infancy must then be tried by inspection. In fines, common recoveries, and other such matters of record, wherein the court may have been supposed to supervise all the acts of the parties, and to judge of their competency, (such'matters being chiefly real actions, which in their operation had become modes of assurance) a party bound by the record, could not, after he was of age, object that he had been an infant when the record was entered ; if he made the objection during his minority, he was required to proceed by writ of error, audita querela, or other matter of record, and to establish his infancy upon the trial by inspection, to the satisfaction of the court, which before had considered him of. age. Co. Litt, 247, note ; Bac. Abr. Infancy, K.
But in other cases, a- judgment, irregularly rendered against an infant, may be removed after he has attained full age, and the fact of infancy must be tried per pais, and not by inspection. Com. Dig. Enfant, (c. 9) ; Sliver vs. Shelback, 1 Dal. R. 165. The infant is supposed to have no discretion to defend himself, or even to appoint an attorney. The injustice of holding that all matter of record, even a judgment by default, shall forever conclude an infant, if not removed during his non-age, would, in some cases that might be imagined, be enormous. Between *327 cases wherein the court will interfere with a record for the infancy of a party, no sensible distinction can be made short of the long established rule, that a judgment against an infant is erroneous, if he have not appeared by guardian. Shipman vs. Stevens, 2 Wils. 50 ; 2 Stra. 784. To vacate such judgment, a writ of error coram nobis has been used in the English practice, in which the error for infancy of the defendant having been assigned, the plaintiff may traverse the assignment, and the issue be tried by a jury ; (see 2 Tidd. Pr. 1136 ; 2 Attorney’s Prac. K. B. 320, 385) ; but with us, the writ of error has never been in use, and its purposes are attained by motion and rule. 2 Bay, 333. In granting the rule to shew cause why a judgment should not be set aside for the infancy of the defendant, and in determining the matters which may arise on the return to such rule, the court may consider what effect should be given to lapse of time, the conduct of the defendant, and other circumstances which maybe suggested to have confirmed the judgment, or to have rendered the interference with it by the court improper.
If, then, the facts be such as the defendant has alleged, the judgment should be set aside. But the plaintiifs cannot be considered to have admitted the facts, so as to authorize the court to set aside the judgment without further inquiry. The motion of the defendant must then be regarded as a motion for a rule to shew cause. The affidavits he has submitted entitle him to such a rule. If the plaintiifs shew no cause to the contrary, upon return of the rule, the judgment must be set aside. If, by their return, the plaintiifs deny that the defendant was an infant when the judgment was rendered, or present any other material question of fact, an issue for a jury may then be had. If the plaintiffs be satisfied of the truth of the facts alleged by the defendant, and choose to save further expense, they may now consent that the judgment be set aside. It is, therefore, ordered, that the affidavits submitted by the defendant be filed, and that a rule be served upon the plaintiffs, requiring them to shew cause, at the next term of the circuit court, why the judgment should not be set *328 aside, upon the ground that the defendant was an infant when it was rendered against him.
Richardson, O’Neall, Evans, Butler and Frost, JJ. concurred.